IN THE U.S. BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

SAR TECH LLC,                                                                                          1:18-bk-00666

        Debtor

# Amended Plan of Reorganization

### Article 1: Summary

This Amended Plan of Reorganization (hereinafter the "Plan") under chapter 11 of the Bankruptcy Code (the Code), amended after hearing on the original Disclosure Statement, now also amended and attached hereto as the Amended Disclosure Statement (hereinafter called "Disclosure Statement") proposes to pay creditors of SAR TECH, LLC (the Debtor) from cash flow from operations, together with any infusion of capital later applied for from the Principal's loan proceeds, if any becomes available. This Plan provides for:  classes of priority claims such as attorney fees, trustee fees, and taxes; a class of secured claims (none are known but tax claims); two classes of non-priority unsecured clams; and a class of equity security holders. Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ten cents on the dollar. This Plan also provides for the payment over time of administrative and priority claims. All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**The Disclosure Statement provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

**2.01 Class 1 – Not Impaired, Paid in full over time with statutory interest.** All allowed claims entitled to priority under § 507(a) of the Code (and including any administrative tax expense claims under § 507(a)(2), "gap" period claims in an involuntary case under § 507(a)(3) [there are none], and priority and secured tax claims under § 507(a)(8) and otherwise).  In this case filed claims are:

Claim No. 1 - WV Department of Tax & Revenue
 Priority          claimed:          $6788.42

Claim No. 5 - WV Department of Tax & Revenue:
 Priority	claimed:	$3377.18

Claim No. 2- IRS
Priority	claimed:	$1696.18

**2.02 Class 2** The secured claim of West Virginia, to the extent allowed as a secured claim under § 506 of the Code. This class has but one filed claim:

WV Department of tax and Revenue
 Secured	claimed:	$3817.33

But Please Note: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

**2.03 Class 3** All non-priority unsecured claims allowed under § 502 of the Code. Unfiled to be paid 10% unless Disputed or Misnamed or Late, all to receive nothing unless by further Court order.

**Class 3.03.01 – All timely filed claims**

Claim No: 3

Creditor:  1568222
Gordon Food Service
Amount	claimed:	$3458.52

Claim No: 4
Creditor: 1572899
Reinhart Food Service, L.L.C.
Amount	claimed:	$25393.14

**Class 3.03.02 - Unfiled and Late Filed and Disputed/Misnamed  Claims:**

**3.03.02 A – Unfiled not below listed (100%)**
Tri State Detergent Service LLC – to be paid 10%	$52.00


**3.03.02 B – Disputed (0%)**
This is a claim not brought to judgment against Debtor which includes future rents not due
Heston Farms LLC	(-$64,553.00)


**3.03.02 C – Misnamed or Late Claims (100%)**
These claims were from a non-current list which included items of other entities and utilities to be paid, and they will receive normal future distributions hereunder:
John Wassick Novelty	(leaseholder, no arrearage amount due**)**
Mountain State Waste	$2530 (current trash)

Penn Credit Corp					770.00    (current elec. Paid)
Service Plus					236.00 (debt of Hunter Tech)
Erie Insurance					14,470 (wrong entity - current ins. paid)

*Class 4 Equity interests of the Debtor:.*

These will be unpaid nor for full time work performed.

*Treatment of Administrative Expense Claims, Priority Tax Claims, Quarterly and Court Fees:*

*Unclassified claims:*

Under section §1123(a)(1), most administrative expense claims, and priority tax claims are set forth and considered in Classes 1 and 2 for ease of reading.

<u>3.02 Administrative expense claims</u> Each holder of an administrative expense claim allowed under § 503 of the Code, is entitled to be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

 In the instant case, counsel for Debtor Mr. Wiley will post an estimated $5,000 in administrative claims to be paid after other monthly payments or as available.

US Trustee fees, typically $950 a quarter are believed current, but see 3.04 and 3.05 below.

<u>3.03 Priority tax claims</u> Each holder of a priority tax claim will be paid will be paid in equal payments over the life of the plan, whether or not  consistent with § 1129(a)(9)(C)of the Code, with statutory interest.

<u>3.04 Statutory fees</u> All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

<u>3.05 Prospective quarterly fees</u> All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6)or (a)(7)will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

**Article 4: Treatment of Claims and Interests Under the Plan**

<u>4.01 Claims and interests shall be treated as follows under this Plan:</u>

Class Impairment Treatment

Class 1 -Priority claims excluding those in Article 3 are impaired, but paid 100% over 60 months, plus accrued interest, in the form, amount and timing of distributions, if any., as below:

**IRS $1,727.33**					$29.00 per month for 60 months

**STATE TAX**					$653.00 per month, 60 months

**GORDON** $60.00 per month, 60 months

**REINHART** $64.00 per month, 60 months

**WV (2nd claim)** $61.00 per month, 60 months

Class 2 –Secured claim of West Virginia is paid in full over 60 months with statutory interest in the form, amount and timing of distribution, as included above with priority claims.

Class 3 –Non-priority unsecured creditors are impaired as follows:

**03.03.01 – Filed Claims**

GORDON FOOD $5.77 per month for 60 months
REINHART FOODS $64.00 per month, 60 months

**03.03.02 – Disputed Claims**
HESTON FARMS (DISPUTED)

**03.03.03 – UnFiled (100%)**
TRI STATE DETERGENT $502.00 more or less

Class 4 -Equity security holders of the Debtor receive nothing.

**Article 5: Allowance and Disallowance of Claims**

5.01 Disputed claim

Any disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled or amended such claim showing it as disputed, contingent, or unliquidated.

5.02 Delay of distribution on a disputed claim No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of disputed claims The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Article 6: Provisions for Executory Contracts and Unexpired Leases**

6.01 Assumed executory contracts and unexpired leases

(a)The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date.

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date except the lease of the Building and any poker machine leases. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty days after the date of the order confirming this Plan.

**Article 7: Means for Implementation of the Plan**

Provisions regarding how the plan will be implemented as required under §1123(a)(5) of the Code include that the plan will be funded from income of the debtor, and, should the principal of debtor be able to receive a loan, and devote a portion thereof to the debt, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors or officers of debtor.

STATE $653.00
IRS     $29.00
WV      $5.77
GORDON $64.00
REINHART $61.00

**$813/month, 60 months, plus quarterly trustee of $90.00/month, plus any disputed amount determined by Judge at 10%, plus counsel fees and 100% unfiled small claims**

**$1000/month**

**A PROJECTION AND CRAMDOWN ANALYSIS IS SET FORTH IN EXHIBITS.**

**Article 8: General Provisions**

8.01 Definitions and rules of construction The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

 8.02 Effective date The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.03 Severability If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding effect The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.8.05CaptionsThe headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06 Controlling effect** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of West Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.07 Corporate governance** The Debtor is a corporation and will act according to the provisions required by § 1123(a)(6) of the Code, as well as the Articles of Organization, Bylaws. And statutes of the State of West Virginia.

**8.08 Retention of Jurisdiction** The extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan shall remain as before.

**Article 9: Discharge**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.

**Article 10: Other Provisions**

It is the provision of this plan that at any time the principal, Steven Reese, is able to get a loan sufficient to pay any remaining payments in a single lump sum, he may without further motion be permitted to pay the amount remaining due hereunder to participating creditors, or any lesser amount agreed to by the creditors, as applicable.

**Respectfully submitted,**

**S.A.R. Tech, LLC,**

**By: /s/ *Steven Reese***
    Steven Reese, It's Manager

**Prepared by: John F. Wiley**
**J. Frederick Wiley PLLC**
**PO Box 1381**
**Morgantown WV 26507**
**(304) 906-7929**